UNITED STATES v. ONE 1948 PLYMOUTH SEDAN, SERIAL NO. 9645900.

Civ. No. 1705.

United States District Court
D. North Dakota, Northeastern Division.
March 31, 1949.

P. W. Lanier, United States Attorney, Fargo, N. D., for libelant.

Norman G. Tenneson, of the firm of Cupler, Tenneson and Serkland, Fargo, N. D., for libelee.

VOGEL, District Judge.

This is a libel proceeding against a Plymouth automobile. The claimant, Jacob P. Siemens, alleged owner of the automobile against which the United States has proceeded, has filed a demurrer to the Libel of Information. That portion of the Libel of Information which is attacked by the claimant's demurrer sets forth and informs as follows:

"III. And the United States Attorney further shows the Court that the grounds and causes for said forfeiture are as follows:

"That on July 22 and 23, 1948, said automobile was by one Jacob P. Siemens and John D. Janzen employed to aid in and facilitate the knowing and fraudulent bringing of a Massey-Harris combine into the District of North Dakota from the Dominion of Canada contrary to law; that is to say, without reporting the entry of said combine at a port of entry in the District of North Dakota, and without receiving a permit to proceed into the United States, in violation of the provisions of Section 1593, Title 19 U.S.C. [now 18 U.S.C.A. § 545]."

The claimant excepts and demurs to the Libel of Information upon the following grounds:

"1. That the facts alleged in said Libel of Information are insufficient to constitute a cause of action for forfeiture of said automobile.

2. That said Libel of Information is insufficient in substance because it fails to allege that on July 22 and 23, 1948, when said Massey-Harris combine was alleged to have been brought into the District of North Dakota, from the Dominion of Canada contrary to law, or on August 17, 1948, the date of said seizure, said Plymouth Sedan automobile was then and there being employed to aid in or facilitate the knowing and fraudulent bringing in of any merchandise contained in, upon, or about said automobile as provided and required by the provisions of Sections 482 and 483, of Title 19, U.S.C.A. [19 U.S.C.A. §§ 482, 483]."

The pertinent provisions of the statutes involved are as follows:

19 U.S.C.A. § 482. "Search of vehicles and persons.

"Any of the officers or persons authorized * * * may stop, search, and examine * * * any vehicle * * * on which * * * they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle * * *, or otherwise, * * *; and if any such officer or other person so authorized shall find any merchandise on or about any such vehicle * * * which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person in possession or charge, or by, in, or upon such vehicle * * * or otherwise, he shall seize and secure the same for trial."

"§ 483. Forfeitures; penalty for aiding unlawful importation.

"(a) * * * all vehicles * * * used in, or employed to aid in, or to facilitate by obtaining information or otherwise, the unlading, bringing in, importation, landing, removal, concealment, harboring, or subsequent transportation of any merchandise

upon the same or otherwise unlawfully introduced, or attempted to be introduced into the United States, shall be seized and forfeited. * * *"

Claimant's point is that the Libel of Information is faulty in that it fails to allege that the combine brought into the United States contrary to law was contained in, upon or about the automobile now proceeded against. In support of such contention, counsel for the claimant contends that Section 483 relates back to Section 482, which says that any such vehicle used to transport merchandise on or about such vehicle shall be seized and secured. He directs attention to the wording of Section 483 prior to the time it was amended in 1935, at which time such section provided as follows: "Every *such* vehicle * * * shall be subject to seizure and forfeiture." R.S. § 3062. (Emphasis supplied.)

Prior to the 1935 amendment, it had been held by the courts that unless the vehicle so seized contained merchandise unlawfully introduced into the United States *at the time of seizure,* it could not be forfeited to the United States. It is his position that the 1935 amendment was solely for the purpose of allowing the Government to seize vehicles subsequent to the time the vehicles were used to transport the merchandise; in other words, to make it unnecessary that the seizure be simultaneous with the unlawful introduction of the merchandise into the United States. It is true that that was one purpose of the 1935 amendment of Section 483, but in amending Section 483 Congress apparently went a great deal further than to achieve that particular purpose. It will be noted that the amended section does not refer to all *such* vehicles as in the old section, thereby freeing it from the effect of the provisions of Section 482. It will also be noted that Section 483 as amended refers to all vehicles used in or employed to aid in or to facilitate by obtaining information or otherwise. Certainly the language used by Congress in the amended section is broad enough to include an automobile used as a pilot car or guide in bringing in unlawful merchandise to the United States. To hold otherwise would be to give no meaning whatsoever to the words of the section as amended, "used in, or employed to aid in, or to facilitate by obtaining information or otherwise". The amended section does not specifically refer to "such vehicles" as are specified in Section 482. It appears to stand entirely on its own feet and must be so construed. The wording of the amended section prohibits a contrary conclusion.

Accordingly, the claimant's demurrer will be overruled. Claimant may have ten days from the date hereof within which to interpose answer to the Libel of Information.

It will be so ordered.